# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOUIS HERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-cv-1522 |
| | ) |
| COTTRELL, INC., | ) Judge Robert M. Dow, Jr. |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

In this diversity case, Plaintiff Louis Hernandez filed a state-law product liability complaint against Defendant Cottrell, Inc., a manufacturer of car haulers used in Plaintiff's employment. Before the Court is Defendant's motion [47] to dismiss Plaintiff's claims as preempted by Section 301 of the Labor Management Relations Act (LMRA). For the reasons stated below, the motion to dismiss [47], which the Court has converted to a motion for summary judgment (see *infra*), is respectfully denied.

**I.    Background**

On January 29, 2010, Hernandez filed a two-count complaint in the Circuit Court of Cook County, Illinois, for strict products liability and negligence. [1-1.] The complaint alleged that Cottrell, a Georgia corporation with its principal place of business in that state, designed and manufactured a "chain tie-down system" that was in use at the BNSF terminal in Elwood, Illinois. [1-1 at ¶¶ 1, 6.] Hernandez, a resident of Tennessee, allegedly was injured on November 7, 2008, while attempting to secure one of these "unreasonably dangerous" chains. [1-1 at ¶¶ 5, 7.]

1

On March 9, 2010, Cottrell removed the case to federal court based on diversity jurisdiction. [1.] Cottrell subsequently answered the complaint. [7.] Among its affirmative defenses, Cottrell asserted that Hernandez's claims are barred by the doctrine of federal preemption. [7 at Aff. Defs. ¶ 16.] Cottrell subsequently filed a motion to dismiss based on the same doctrine. [47.]

The motion to dismiss attaches portions of a collective bargaining agreement (CBA) between Hernandez's union and his employer, Cassens Transport Company; Cassens, in turn, contracted with Cottrell to provide car haulers (or "rigs"), which featured the chains in question. In 1973, the CBA instituted Article 30, which provides for a joint committee to consult on "matters involving highway and equipment safety." [49-1 at 5.] Since then, Article 30 has grown to cover numerous equipment requirements, including skids, flashers, air conditioning, and hand valves. [49-1 at 68-77.] The CBA in place in 2008 does not require chains or tie-down bars. Rather, the CBA expressly provides that the joint committee "shall also review safety considerations relating to . . . problems with chains, cables and tie-down bars." [49-1 at 72.] Article 30 also states that employees are obligated to file grievances "involving alleged unsafe or unhealthful workplace conditions." [49-1 at 68.]

## II. Legal Standard

Cottrell moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or 12(c), with no procedural objection from Hernandez. The Court notes, however, that the latter Rule is more appropriate under the circumstances. See *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006) ("[A] 12(b)(6) motion filed after an answer has been filed is to be treated as a 12(c) motion for judgment on the pleadings."); see also *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010) ("Preemption is an affirmative defense * * * [and] [a]ffirmative defenses do

not justify dismissal under 12(b)(6).") (internal quotation omitted). An additional wrinkle, however, is that Cottrell's motion rests on the CBA, which is neither attached to nor referenced in the complaint. *Cf. Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (holding that documents may be considered on a motion to dismiss if referenced in the complaint and central to plaintiff's claim). Accordingly, if the Court considers the CBA, the motion must be treated as one for summary judgment. See Fed. R. Civ. P. 12(d).

Here, the conversion is appropriate for three reasons. First, both sides have been given "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Second, only legal conclusions are at issue. See *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 510 (7th Cir. 1999) (finding notice of summary judgment conversion unnecessary where facts were not in dispute). And third, Hernandez has not opposed Cottrell's submission of the CBA or its statement of facts. [See 49.]

### III. Analysis

Cottrell argues that Hernandez's state-law tort claims are preempted by Section 301 of the LMRA. If preempted, the claims would have to be brought under the LMRA, which requires employees to exhaust grievance and arbitration remedies provided in the CBA before filing suit. See, *e.g.*, *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 501 (7th Cir. 1996). Hernandez does not contend that he followed the CBA's grievance procedures; thus, any preempted claims must be dismissed. The only issue for the Court is whether Hernandez's claims are preempted.

Preemption is determined on a case-by-case basis. *In re Bentz Metal Prods. Co.*, 253 F.3d 283, 285 (7th Cir. 2001). "If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is

3

preempted and federal labor law principles must be employed to resolve the dispute." *Atchley*, 101 F.3d at 499 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988)); see also *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985) ("The interests in interpretive uniformity and predictability that require that labor-contract disputes be resolved by reference to federal law also require that the meaning given a contract phrase or term be subject to uniform federal interpretation."). On the other hand, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994); see also *In re Bentz*, 253 F.3d at 285.

Here, Hernandez is quick to point out that Cottrell's preemption argument has already been rejected several times. [See 68 at 10-11 (citing cases).] In those cases, the vast majority of which were *sua sponte* remands, the courts found no preemption primarily based on two related facts: (1) Cottrell was not a party to the CBA; and (2) Cottrell's duties did not arise out of the CBA. See, *e.g.*, *Lewis v. Cottrell, Inc.*, No. WMN–11–2632, 2012 WL 3144625, at *3 (D. Md. July 30, 2012) (citing *Longstreet v. Cottrell, Inc.*, No. 11–CV–1125 (S.D. Ill. Apr. 23, 2012)). Cottrell admits these facts but argues that they are not dispositive. The Court agrees. First, "non-signatories to a CBA can invoke § 301 as a *defense* to a plaintiff's state law claims." *Stringer v. NFL*, 474 F. Supp. 2d 894, 901-02 (S.D. Ohio 2007) (collecting cases). Second, "preemption is still possible even if the duty on which the claim is based arises independently of the CBA, so long as resolution of the claim requires interpretation of the CBA." *Duerson v. NFL, Inc.*, No. 12 C 2513, 2012 WL 1658353, at *4 (N.D. Ill. May 11, 2012) (citing *In re Bentz*, 253 F.3d at 286).

Cottrell pushes the argument even further and contends that it is analogous to the NFL in *Stringer* and *Duerson*, where similar preemption arguments were upheld. Here, the Court disagrees. In those cases, the analogous defendant is not the NFL, but rather Riddell, the NFL's equipment manufacturer. In *Duerson*, the court did not analyze the claims against Riddell regarding preemption. See 2012 WL 1658353, at *6 (exercising supplemental jurisdiction over those claims). And in *Stringer*, the court found that, unlike some of the negligence claims against the NFL,[1] the products liability claims against Riddell were *not* preempted. See 474 F. Supp. 2d at 914-15.

Cottrell attempts to distinguish the discussion of Riddell in *Stringer* by arguing that there, unlike here, the "CBA had no specific equipment requirements, specifications or specific undertaking to assess the product at issue." [48 at 12 n.1.] But the only issue is whether the resolution of plaintiff's product liability claims "requires the interpretation of" the CBA. *Atchley*, 101 F.3d at 499. Here, as in *Stringer*, it does not.

Hernandez asserts state-law claims for strict liability and negligence due to the allegedly unreasonably dangerous condition of Cottrell's rig chains.[2] Article 30 of the CBA between Hernandez's union and his employer covers equipment requirements, but does not mandate chains. Article 30 also provides that a joint committee would review "problems with chains." Even if, as Cottrell argues, that provision may bear in some fashion on the standard of care related to Hernandez's negligence claim—for example, if Cottrell argues that its conduct was

---

[1] The *Stringer* court found that one negligence claim against the NFL—namely, that the NFL breached a duty to ensure that required equipment was safe—was not preempted. See 474 F. Supp. 2d at 912 (finding no need to interpret CBA provision providing for joint committee on player safety).

[2] The parties seem to agree that Illinois law should apply. [See 68 at 4, 69 at 6.] The issue is largely irrelevant, however, because Cottrell's preemption argument focuses on the negligence claim, and "a negligence claim in all states requires, in some form, the existence of a duty, the breach of that duty, causation, and damages." *Duerson*, 2012 WL 1658353, at *3.

reasonable, in part, because other parties were supposed to look into safety issues with rig chains but never did—it does so (if at all) at the margins. Critically, no interpretation of the terms of the CBA is necessary, so no federal interest in consistency or uniformity is implicated.[3] As in *Stringer*, "the simple fact that the CBA might be consulted in resolving the [products liability] claim does not require preemption." 474 F. Supp. 2d at 915 (citing *Livadas*, 512 U.S. at 124).

In sum, Hernandez's claims are primarily dependent on common-law tort principles; the CBA provision is tangential (at best) to the core dispute, and resolution of Plaintiff's claims does not depend on the interpretation of any term of the CBA. The claims therefore are not preempted.

**IV. Conclusion**

For these reasons, Defendants' motion to dismiss [47], which the Court has converted to a motion for summary judgment, is respectfully denied.

Dated: September 12, 2012 _____
Robert M. Dow, Jr.
United States District Judge

---

[3] Obviously, "the review of the CBA needed to decide preemption in this case is not in itself 'interpretation' warranting preemption; if it were, the preemption doctrine under § 301 would swallow the rule that employees can assert nonnegotiable state law rights that are independent of their collective bargaining agreements." *Foy v. Pratt & Whitney Group*, 127 F.3d 229, 234 (2d Cir. 1997).